


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-22-08

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
Corporation Counsel

STUART E. JACOBS
Assistant Corporation Counsel
phone: (212) 788-0899
fax: (212) 788-9776
email: sjacobs@law.nyc.gov

**MEMO ENDORSED**

January 17, 2008

BY HAND
Honorable Leonard B. Sand
United States District Judge
Southern District of New York
500 Pearl Street, Room 1650
New York, New York 10007

    Re: <u>Henry v. The City of New York et al.</u>, 07 CV 11117 (LBS)

Dear District Judge Sand:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendant, City of New York ("City"). I am writing with the ~~consent of plaintiff's~~ counsel, Brett Klein, Esq., to respectfully request that the City be granted a sixty-day enlargement of time, from January 17, 2008 to March 17, 2008, to answer to or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action.

    The complaint alleges, inter alia, that plaintiff Jeffrey Henry was falsely arrested, falsely imprisoned, subjected to malicious prosecution and excessive force. In addition to the City, plaintiff purports to name Police Officers Sean McCarthy, Jose Arenas, Brian Taylor, Jason Rubenstein, and Donna Gaudino as defendants.[1] Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. To this end, the City will need to obtain releases from plaintiff to obtain the underlying arrest and criminal court

---

[1] Without appearing on their behalf or making any representations with respect to service, I also respectfully request that the additional defendants' time to answer or otherwise respond to the complaint also be extended until March 17, 2008.



records, as well as releases to obtain plaintiff's medical records. Therefore, the enlargement of time will afford us the opportunity to investigate the matter.

The enlargement will allow us to ascertain whether the individually named defendants have been properly served. If service has been properly effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendants. The named defendants must then decide whether they each wish to be represented by this office. If so, we must obtain their written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York, et al., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer or otherwise respond to the complaint until March 17, 2008.

Thank you for your consideration in this regard.

Respectfully submitted,

Stuart E. Jacobs (SJ 8379)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:  BY FAX (718) 448-8685
     Brett Klein, Esq.
     Leventhal & Klein, LLP
     Attorneys for Plaintiff
     45 Main Street, Suite 230
     Brooklyn, NY 11201

*Drawn left as cannot.*

*So ordered*
Sand
USDJ
1/22/08

**MEMO ENDORSED**

2