

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 Church St.
New York, NY 10007

**STUART E. JACOBS**
*Assistant Corporation Counsel*
Tel: (212) 788-0899
Fax: (212) 788-9776

**MEMO ENDORSED**

March 17, 2008

**BY HAND**
Honorable Leonard B. Sand
United States District Judge
Southern District of New York
500 Pearl Street, Room 1650
New York, New York 10007

Re: Henry v. City of New York, 07 CV 11117 (LBS)

Dear District Judge Sand:

      I am the Assistant Corporation Counsel assigned to handle the defense of the above-referenced case on behalf of defendants City of New York, Sergeant McCarthy, Officer Arenas, and Officer Taylor.[1] I write to respectfully request that defendants' time to respond to the complaint be briefly extended from the current due date of March 17, 2008 to April 16, 2008. This is defendants' second request for an extension of time to respond to the complaint. Your Honor granted defendants' first application for an extension of time on January 22, 2008. Plaintiff's attorney, Mr. Brett Klein, Esq., consents to this request for an enlargement of time.

      By way of background, plaintiff alleges, *inter alia*, that on or about September 9, 2006, he was falsely arrested, falsely imprisoned, subjected to malicious prosecution and excessive force. It was our understanding that the records of the underlying criminal action, including police records, had been sealed pursuant to New York Criminal Procedure Law § 160.50. Accordingly, a §160.50 release was necessary for the defendants to access the information, properly assess the case, respond to the complaint in compliance with our obligations under Rule 11 of the Federal Rules of Civil Procedure, and timely participate in discovery. Since the scope of a §160.50 release is broadly interpreted by the NYPD, if *any* paperwork was prepared by the police department with respect to aforementioned plaintiff, e.g.

---

[1] Upon information and belief, Officer Rubenstein has not yet been served with the Complaint in this matter. Additionally, upon information and belief, Officer Gaudino has been served, however the undersigned has been unable to contact the Officer because she had medical complications that required her to be in the Intensive Care Unit. Without appearing on their behalf, it is respectfully requested the time to answer the Complaint for both Officers Rubenstein and Gaudino be extended from March 17, 2008 – April 16, 2008.



arrest paperwork that was later voided, or complaint reports, then it would be sealed pursuant to N.Y.C.P.L. § 160.50, and the defendants would not have access to it to prepare their defense in this matter. Simply put, without this release, the defendants cannot access and consequently, produce in discovery, police paperwork, criminal court documents, or records from the district attorney's file pertaining to plaintiff's underlying arrest and prosecution that is the basis of this lawsuit.

Accordingly, defendants only recently received the §160.50 release from plaintiff on March 5, 2008. The release has been processed, however, to date the defendants have not received any records. As a result, defendants will not be able to properly assess this case and respond to the complaint in compliance with our obligations under Rule 11 of the Federal Rules of Civil Procedure. In light of the above, the defendants respectfully request that that defendants' time to respond to the complaint be briefly extended from the current due date of March 17, 2008 to April 16, 2008.

Thank you in advance for your consideration herein.

Respectfully submitted,

Stuart E. Jacobs (SJ 8379)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    BY FAX (718) 448-8685
       Brett Klein, Esq.
       Leventhal & Klein, LLP
       Attorneys for Plaintiff
       45 Main Street, Suite 230
       Brooklyn, NY 11201

*Extension Time to respond to complaint extended to 4/18/08*
*So ordered*
*[signature] USDJ*
*3/18/08*

**MEMO ENDORSED**