UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEFFREY HENRY,

                                Plaintiff,

-against-

CITY OF NEW YORK, SEAN MCCARTHY, JOSE
ARENAS, BRIAN TAYLOR, JASON RUBENSTEIN,
DONNA GAUDINO, and JOHN and JANE DOES 1
through 10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT
ON BEHALF OF THE CITY
OF NEW YORK**

07 CV 11117 (LBS)

**JURY TRIAL DEMANDED**

       Defendant City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully allege, upon information and belief, as follows:

       1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

       3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke jurisdiction as stated therein.

       4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

       5. The allegations set forth in paragraph "5" of the complaint do not contain averments of fact, and therefore do not warrant a response.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admits the allegations in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City maintains a police department and respectfully refers the Court to the NYC Charter and Administrative Code for a further recantation of the police department's functions.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admits that defendants are employed by the City of New York as police officers.

10. Defendant City of New York states that the allegations set forth in paragraph "10" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

11. Defendant City of New York states that the allegations set forth in paragraph "11" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

12. Defendant City of New York states that the allegations set forth in paragraph "12" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that plaintiff was arrested on September 9, 2006, and admits that the Manhattan District Attorney's Office dismissed the criminal charges on December 18, 2006.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "16", inclusive of this answer, as if fully set forth herein.

18. Defendant City of New York states that the allegations set forth in paragraph "18" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Defendant City of New York states that the allegations set forth in paragraph "20" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "22", inclusive of this answer, as if fully set forth herein.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "25", inclusive of this answer, as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "29", inclusive of this answer, as if fully set forth herein.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "32", inclusive of this answer, as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "35", inclusive of this answer, as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint, except admits that the criminal charges were dismissed on December 18, 2006.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "38, inclusive of this answer, as if fully set forth herein.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "41", inclusive of this answer, as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "43", inclusive of this answer, as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "46", inclusive of this answer, as if fully set forth herein.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint, and all its subparts therein.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "56", inclusive of this answer, as if fully set forth herein.

58. Denies the allegations set forth in paragraph "58" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about December 18, 2006 and was assigned Claim No. 2007PI001182.

59. Denies the allegations set forth in paragraph "59" of the complaint, except admits that the claim has not been paid or adjusted.

60. Denies the allegations set forth in paragraph "60" of the complaint, except admits that the complaint was filed with the Court on or about December 7, 2007.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Defendant City of New York states that the allegations set forth in paragraph "62" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "62", inclusive of this answer, as if fully set forth herein.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "66" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "65", inclusive of this answer, as if fully set forth herein.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. In response to the allegations set forth in paragraph "69" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "68", inclusive of this answer, as if fully set forth herein.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. Defendant City of New York states that the allegations set forth in paragraph "71" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

72. Denies the allegations set forth in paragraph "72" of the complaint.

73. Denies the allegations set forth in paragraph "73" of the complaint.

74. Denies the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "74" of this answer, as if fully set forth herein.

76. Denies the allegations set forth in paragraph "76" of the complaint.

77. Denies the allegations set forth in paragraph "77" of the complaint.

78. In response to the allegations set forth in paragraph "78" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "77" of this answer, as if fully set forth herein.

79. Denies the allegations set forth in paragraph "79" of the complaint.

80. Denies the allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "80" of this answer, as if fully set forth herein.

82. Denies the allegations set forth in paragraph "82" of the complaint.

83. Denies the allegations set forth in paragraph "83" of the complaint, except admits that the criminal charges were dismissed on December 18, 2006.

84. In response to the allegations set forth in paragraph "84" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "83" of this answer, as if fully set forth herein.

85. Denies the allegations set forth in paragraph "85" of the complaint.

86. Denies the allegations set forth in paragraph "86" of the complaint.

87. In response to the allegations set forth in paragraph "87" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "86" of this answer, as if fully set forth herein.

88. Denies the allegations set forth in paragraph "88" of the complaint.

89. Denies the allegations set forth in paragraph "89" of the complaint.

90. In response to the allegations set forth in paragraph "90" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "89" of this answer, as if fully set forth herein.

91. Denies the allegations set forth in paragraph "91" of the complaint.

92. In response to the allegations set forth in paragraph "92" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "91" of this answer, as if fully set forth herein.

93. Denies the allegations set forth in paragraph "93" of the complaint.

94. In response to the allegations set forth in paragraph "94" of the complaint, defendant City of New York repeats and realleges the responses set forth in paragraphs "1" through "93" of this answer, as if fully set forth herein.

95. Denies the allegations set forth in paragraph "95" of the complaint.

96. Denies the allegations set forth in paragraph "96" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

97. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

98. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

99. Plaintiff's claims are barred in whole or in part because plaintiff failed to comply with G.M.L. §§ 50(e), (h) and (i).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

100. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

101. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

102. Punitive damages are not available against the defendant City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

103. Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

104. To the extent plaintiff asserts state law claims against defendant City of New York, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

105. There was reasonable suspicion and/or probable cause for any search.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

106. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**WHEREFORE,** defendant City of New York respectfully requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      April 16, 2008

                                  MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                City of New York
                                Attorney for Defendants City of New York,
                                100 Church Street
                                New York, New York 10007
                                (212) 788-0899

                                By: _____
                                Stuart E. Jacobs (SJ 8379)
                                Assistant Corporation Counsel
                                Special Federal Litigation Division


To:        VIA ECF
             Brett H. Klein, Esq.
             Leventhal & Klein
             Attorneys for Plaintiff
             45 Main Street, Suite 820
             New York, NY 11201

07 CV 11117 (LBS)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEFFREY HENRY,

                                    Plaintiff,

-against-

CITY OF NEW YORK, SEAN MCCARTHY, JOSE ARENAS, BRIAN TAYLOR, JASON RUBENSTEIN, DONNA GAUDINO, and JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                   Defendants.

---

### ANSWER ON BEHALF OF DEFENDANTS THE CITY OF NEW YORK

---

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant The City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:  Prathyusha Reddy*
*Tel:  (212) 788-0963*
*NYCLIS No.*

---

*Due and timely service is hereby admitsted.*

*New York, N.Y. ................................................., 2008 . . .*

*..................................................................Esq.*

*Attorney for ........................................................*