UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

| | |
|---|---|
| JEFFREY HENRY,<br><br>                               Plaintiff,<br><br>      -against-<br><br>CITY OF NEW YORK, SEAN MCCARTHY, JOSE ARENAS, BRIAN TAYLOR, JASON RUBENSTEIN, DONNA GAUDINO, and JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>                              Defendants. | **ANSWER TO COMPLAINT ON BEHALF OF SEAN MCCARTHY, JOSE ARENAS, BRIAN TAYLOR, JASON RUBENSTEIN, AND DONNA GAUDINO**<br><br>07 CV 11117 (LBS)<br><br>JURY TRIAL DEMANDED |

------------------------------------------------------------------- x

        Defendants Sean McCarthy, Jose Arenas, Brian Taylor, Jason Rubenstein, and Donna Gaudino, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke jurisdiction as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. The allegations set forth in paragraph "5" of the complaint do not contain averments of fact, and therefore do not warrant a response.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admit the allegations in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City maintains a police department and respectfully refers the Court to the NYC Charter and Administrative Code for a further recantation of the police department's functions.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that defendants are employed by the City of New York as police officers.

10. Defendants state that the allegations set forth in paragraph "10" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

11. Defendants state that the allegations set forth in paragraph "11" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

12. Defendants state that the allegations set forth in paragraph "12" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was arrested on September 9, 2006, and admit that the Manhattan District Attorney's Office dismissed the criminal charges on December 18, 2006.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "16", inclusive of this answer, as if fully set forth herein.

18. Defendants state that the allegations set forth in paragraph "18" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Defendants state that the allegations set forth in paragraph "20" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "22", inclusive of this answer, as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "25", inclusive of this answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "29", inclusive of this answer, as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "32", inclusive of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "35", inclusive of this answer, as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint, except admit that the criminal charges were dismissed on December 18, 2006.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "38, inclusive of this answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "41", inclusive of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "43", inclusive of this answer, as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "46", inclusive of this answer, as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint, and all its subparts therein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "56", inclusive of this answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about December 18, 2006 and was assigned Claim No. 2007PI001182.

59. Deny the allegations set forth in paragraph "59" of the complaint, except admit that the claim has not been paid or adjusted.

60. Deny the allegations set forth in paragraph "60" of the complaint, except admit that the complaint was filed with the Court on or about December 7, 2007.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Defendants state that the allegations set forth in paragraph "62" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "62", inclusive of this answer, as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "66" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "65", inclusive of this answer, as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. In response to the allegations set forth in paragraph "69" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "68", inclusive of this answer, as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Defendants state that the allegations set forth in paragraph "71" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "74" of this answer, as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. In response to the allegations set forth in paragraph "78" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "77" of this answer, as if fully set forth herein.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "80" of this answer, as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint, except admit that the criminal charges were dismissed on December 18, 2006.

84. In response to the allegations set forth in paragraph "84" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "83" of this answer, as if fully set forth herein.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. In response to the allegations set forth in paragraph "87" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "86" of this answer, as if fully set forth herein.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. In response to the allegations set forth in paragraph "90" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "89" of this answer, as if fully set forth herein.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. In response to the allegations set forth in paragraph "92" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "91" of this answer, as if fully set forth herein.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. In response to the allegations set forth in paragraph "94" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "93" of this answer, as if fully set forth herein.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny the allegations set forth in paragraph "96" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

97. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

98. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

99. The individually named defendants Sean McCarthy, Jose Arenas, Brian Taylor, Jason Rubenstein, and Donna Gaudino have not violated any clearly established constitutional or statutory right of which a reasonable person should have known and therefore are protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

100. Plaintiff's claims are barred in whole or in part because plaintiff failed to comply with G.M.L. §§ 50(e), (h) and (i).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

101. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

102. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

103.    Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

104.    To the extent plaintiff asserts state law claims against defendants, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

105.    At all times relevant to the complaint, defendants Sean McCarthy, Jose Arenas, Brian Taylor, Jason Rubenstein, and Donna Gaudino acted reasonably and in the proper and lawful exercise of their discretion.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

106.    There was reasonable suspicion and/or probable cause for any search.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

107.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**WHEREFORE,** defendants Sean McCarthy, Jose Arenas, Brian Taylor, Jason Rubenstein, and Donna Gaudino respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
       May 13, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                    City of New York
                                    Attorney for Defendants Sean McCarthy,
                                    Jose Arenas, Brian Taylor, Jason
                                    Rubenstein, and Donna Gaudino
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 788-0899

                                    By: _____
                                    Stuart E. Jacobs (SJ 8379)
                                    Assistant Corporation Counsel
                                    Special Federal Litigation Division

To:       <u>VIA ECF</u>
            Brett H. Klein, Esq.
            Leventhal & Klein
            Attorneys for Plaintiff
            45 Main Street, Suite 820
            New York, NY 11201

07 CV 11117 (LBS)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEFFREY HENRY,

                                  Plaintiff,

               -against-

CITY OF NEW YORK, SEAN MCCARTHY, JOSE ARENAS, BRIAN TAYLOR, JASON RUBENSTEIN, DONNA GAUDINO, and JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                 Defendants.

---

**ANSWER ON BEHALF OF DEFENDANTS SEAN MCCARTHY, JOSE ARENAS, BRIAN TAYLOR, JASON RUBENSTEIN, AND DONNA GAUDINO**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Stuart E. Jacobs*
*Tel: (212) 788-0899*

---

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................., 2008 . . .*

*.........................................................................Esq.*

*Attorney for ..............................................................*